CINCINNATI INSURANCE COMPANY et al., Appellants,

v.

ALCORN et al., Appellees.

[Cite as *Cincinnati Ins. Co. v. Alcorn* (1993), 91 Ohio St.3d 165.]

Court of Appeals of Ohio,
Clermont County.

No. CA93–02–013.

Decided Oct. 18, 1993.

*Thomas K. McMackin,* for appellants.

*Ely & True* and *Rex E. Ely,* for appellees.

---

KOEHLER, Judge.

Plaintiffs-appellants, Cincinnati Insurance Company and Spectrum Development Corporation, appeal a decision of the Clermont County Municipal Court granting summary judgment in favor of defendants-appellees, William Alcorn and Winchester Tile (collectively "Alcorn").

Spectrum, a general contractor, hired Alcorn, a subcontractor doing business as Winchester Tile, to install a marble tile floor at a private residence owned by James Kennedy. Alcorn finished the installation in December 1984. A short time later, the marble tile began cracking. At Spectrum's request, Alcorn

attempted to remedy the problem in early 1985, but refused to make any further repairs after that time.

Over the next five years, the marble tiles continued to crack. In 1986, Kennedy hired another tile installer, Butch White, who unsuccessfully attempted on several occasions to repair the floor. On November 26, 1990, White removed the marble tiles at Spectrum's and Kennedy's request and discovered that Alcorn had improperly installed the underlayment.

Subsequently, Spectrum paid Kennedy $7,462.48 for replacement of the floor. Cincinnati Insurance then paid Spectrum, its insured, $6,132.76 as required by their insurance contract. Cincinnati Insurance demanded reimbursement from Alcorn for the money it had paid to its insured, and Spectrum demanded reimbursement for $1,329.72, the costs it had incurred that were not covered by insurance.

On March 17, 1992, appellants filed a complaint against Alcorn, alleging that he had failed to install the tile floor in a workmanlike manner. The complaint further alleged that Spectrum had been required to reimburse Kennedy for damages of $7,462.48 and that Cincinnati Insurance had become subrogated to the rights of its insured in the amount of $6,132.76.

Alcorn filed a motion for summary judgment, arguing that the statute of limitations had run for the filing of the complaint. Alcorn contended that the four-year statute of limitations set forth in R.C. 2305.09(D) for "an injury to the rights of the plaintiff" not arising from contract or enumerated in other parts of the Revised Code applied and that the cause of action accrued in early 1985 when Spectrum knew of problems with cracking in the tile floor. In their opposing motion, appellants argued that the cause of action accrued on November 26, 1990 when the floor was removed and they discovered that the underlayment had not been properly installed. Applying the "discovery rule," the trial court concluded that the cause of action accrued in 1986, when Kennedy hired White, the second tile installer, because appellants were placed on notice at that time of the need for further inquiry regarding the cause of the continued deterioration of the floor. This appeal followed.

In their sole assignment of error, appellants state that the trial court erred in granting Alcorn's motion for summary judgment. They argue that their cause of action is really one for indemnity, not negligence, and that a cause of action based on indemnity does not accrue until the party seeking indemnification suffers an actual loss. We find this assignment of error to be well taken, but not for the reasons stated by appellants.

■ At first blush, it might appear that appellants waived the issue of whether the statute of limitations for indemnity applies, since they failed to raise it in the

trial court. However, the Ohio Supreme Court has stated that where the issue of statute of limitations has been raised in the trial court, an appellate court is not barred from considering the argument on appeal that a different statute of limitation applies. *Lawyers Cooperative Publishing Co. v. Muething* (1992), 65 Ohio St.3d 273, 603 N.E.2d 969, paragraph one of the syllabus.

We turn now to the merits of appellants' assignment of error. Appellants contend, and Alcorn does not dispute, that a four-year statute of limitations applies. We agree. An action against a builder for failure to construct in a workmanlike manner is an action in tort to which the four-year statute of limitations in R.C. 2305.09(D) applies. *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 23 O.O.3d 346, 433 N.E.2d 147, paragraph one of the syllabus; *Zink v. Harp* (Oct. 21, 1991), Warren App. No. CA90–12–089, unreported, at 4, 1991 WL 214982. We find no merit to appellants' claim that their cause of action is really one for indemnity. Whether the form of action is negligent construction or an implied contract of indemnity, its real purpose is to recover damages against the negligent contractor and should be governed by the four-year statute of limitations in R.C. 2305.09(D).

Interestingly, appellants rely on *Ohio Cas. Ins. Co. v. Ford Motor Co.* (C.A.6, 1974), 502 F.2d 138, in which the Sixth Circuit Court of Appeals, applying Ohio law, concluded that the *six*-year statute of limitations for contracts not in writing applies to indemnity cases. We do not find this case to be persuasive, but instead rely on the well-written dissent by Judge Weick.

In *Ohio Cas. Ins. Co.*, the complaint alleged that the brakes on the insured's truck failed because of a defect and that the truck went out of control, causing personal injury and property damage to third persons. Ohio Casualty paid several claims by these third persons. It became subrogated to the rights of its insured and sued Ford Motor Company, the truck's manufacturer, claiming that Ford was "primarily liable." The majority's decision concluded that the action was one for indemnity, which is an action under an implied contract, and therefore the six-year statute of limitations for contracts not in writing applied. *Id.* at 139–140. It rejected the argument that the real purpose of the action was to recover for personal injury and property damage, and that therefore the two-year statute of limitations for bodily injury and properly damage should apply. *Id.* at 140.

Judge Weick, in his dissent, concluded that there was no privity of contract between Ford and the insured or between Ford and the people with whom Ohio Casualty made settlements. He stated that the claims against Ford were based solely on negligence and tort theories. The Ohio Casualty suit for subrogation was not an action upon a contract, expressed or implied, and therefore the six-year statute of limitations could not apply. *Id.* at 142. Judge Weick also stated

that if any of the injured persons had sued Ford, the applicable statute of limitations would be two years. The real purpose of the suit was to recover for bodily injury and property damage and Ohio Casualty's subrogation claim could "rise no higher than its source." Therefore, the two-year statute of limitations for bodily injury and property damage applied. *Id.* at 142–143.

Judge Weick relied on two Ohio Supreme Court cases we find applicable to the present case. In *Andrianos v. Community Traction Co.* (1951), 155 Ohio St. 47, 44 O.O. 72, 97 N.E.2d 549, the plaintiff was injured while riding on one of the defendant's buses. He attempted to avoid the two-year statute of limitations for bodily injury by pleading a violation of an oral contract to provide him with safe passage. The Supreme Court concluded that the two-year statute of limitations governs all actions the real purpose of which is to recover damages for personal injury and that it makes no difference whether the form of the action was breach of contract or tort. *Id.* at paragraph two of the syllabus. "Surely, the General Assembly did not intend to create different periods of limitation for the recovery of damages growing out of bodily injury, depending on the form of the action brought. No matter what form is adopted, the essence of the action is the wrongful injury, and that it arose from the breach of an express or implied contract is immaterial." *Id.* at 51, 44 O.O. at 74, 97 N.E.2d at 552.

Subsequently, the Supreme Court decided *U.S. Fid. & Guar. Co. v. Truck & Concrete Equip. Co.* (1970), 21 Ohio St.2d 244, 50 O.O.2d 480, 257 N.E.2d 380, in which an insurance company paid its insured for property damage caused when a truck originally sold by the defendant and leased to its insured collapsed. The insurer paid for its insured's damages and as subrogee sought recovery from the defendant. The insurance company's original complaint, which alleged negligence, was dismissed because it was barred by the two-year statute of limitations for property damage in R.C. 2305.10. The insurance company filed an amended complaint alleging that the defendant had breached an implied warranty of merchantability. It claimed that the four-year statute of limitations in the Uniform Commercial Code applied. The Supreme Court disagreed, stating that because there was no contractual relationship between the parties, the UCC statute of limitations applicable to contracts involving sales did not apply. *Id.* at 251, 50 O.O.2d at 484, 257 N.E.2d at 384. The court concluded that the action sounded in tort and that the two-year statute of limitations for property damages applied. *Id.* at 251–252, 50 O.O.2d at 484, 257 N.E.2d at 384–385.

In the present case, the complaint sounds in tort, alleging that Alcorn failed to construct the floor in a workmanlike manner. The only contractual relationship was the oral contract between Spectrum and Alcorn to install the floor, and a breach of that contract was not pleaded, so we will not consider it. There is no privity of contract between the parties on the indemnification issue. In fact,

nothing in the record shows that Alcorn was given proper notice of the settlement between appellants and Kennedy. See *Globe Indemn. Co. v. Schmitt* (1944), 142 Ohio St. 595, 27 O.O. 525, 53 N.E.2d 790. Therefore, a claim that this is truly an action for implied contract of indemnity and that the statute of limitations should be applied on that basis fails. *Ohio Cas. Ins. Co., supra,* 502 F.2d at 142–143 (Weick, J., dissenting).

The underlying purpose of the action is to recover damages for Alcorn's failure to construct in a workmanlike manner. Therefore, R.C. 2305.09(D) applies and an analysis of when the cause of action accrued shall be made with reference to that statute. To hold otherwise would allow Alcorn's liability to continue indefinitely, since a six-year statute of limitations could commence whenever a voluntary payment was made for indemnification even if it were made without notice to Alcorn. We note that the Court of Appeals for Summit County reached a similar conclusion in an action for indemnity in *St. Paul Fire & Marine Ins. Co. v. R.V. World* (1989), 62 Ohio App.3d 535, 577 N.E.2d 72. See, also, *Lawyers Cooperative, supra,* 65 Ohio St.3d at 277–279, 603 N.E.2d at 972–974; *Underwriters at Lloyd's Under Policy No. LHO 10497 v. Peerless Storage Co.* (C.A.6, 1977), 561 F.2d 20, 7 O.O.3d 463.

■ We turn now to the question of when the cause of action accrued. In *Velotta, supra,* 69 Ohio St.2d 376, 23 O.O.3d 346, 433 N.E.2d 147, at paragraph two of the syllabus, the Supreme Court held that "[w]hen negligence does not immediately result in damages, a cause of action for damages arising from negligent construction does not accrue until actual injury or damage ensues."

"The *Velotta* holding is not a 'discovery rule.' The construction cases deal with delayed occurrence of damages, not with the 'discovery' of injury. The *Velotta* decision is concerned solely with accrual of a cause of action for purposes of a statute of limitations, not with discovery of injury or damages which have already occurred." *Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St.3d 193, 198, 551 N.E.2d 938, 943.

■ We find that no actual damage resulted from Alcorn's negligence until Spectrum and Kennedy were required to remove the floor in November 1990 to find out whether the underlayment was properly installed. See *Wisecup v. Gulf Dev.* (1989), 56 Ohio App.3d 162, 164–165, 565 N.E.2d 865, 867–869; *Elliott v. Fosdick & Hilmer, Inc.* (1983), 9 Ohio App.3d 309, 310–312, 9 OBR 575, 576–579, 460 N.E.2d 257, 259–262; *Zink, supra,* at 4–6. The cracking of the tiles in and of itself was evidence of poor workmanship, but there was no damage until the floor actually had to be removed. See *Saylor v. Hageman* (Dec. 19, 1988), Clermont App. No. CA88–01–006, unreported, at 3–4, 1988 WL 135245. Since statutes of limitations "are limitations upon the rights of the citizens of Ohio for redress,

cases in which the application of a statute of limitations is doubtful should be resolved in favor of permitting the case to be decided upon its merits." *Wisecup, supra,* 56 Ohio App.3d at 165, 565 N.E.2d at 868–869.

Accordingly, since a four-year statute of limitations applies, and the cause of action accrued in November 1990, appellants had until November 1994 in which to file suit. Their complaint was filed well before that time. Therefore, the trial court erred in concluding that their suit was barred by the statute of limitations and in granting summary judgment in favor of Alcorn. Appellants' sole assignment of error is sustained.

*Judgment reversed*
*and cause remanded.*

JONES, P.J., concurs.

YOUNG, J., concurs in judgment only.

WILLIAM W. YOUNG, Judge, concurring in judgment only.

I agree that the trial court erred in granting appellees' motion for summary judgment. However, I vehemently disagree with the majority's characterization of the facts and their application of law in the present case. The "real purpose" of this action is not to recover damages for negligent installation. The homeowner, Kennedy, sustained the property damage and has already been compensated. Appellants' cause of action is instead rooted in indemnity.

"[T]he concept of indemnity may be defined as the right, arising out of an implied contract, of a person who has been compelled to pay what another should pay, to obtain complete reimbursement." *Allstate Ins. Co. v. Associates Realty, Inc.* (1983), 11 Ohio App.3d 242, 246, 11 OBR 368, 372, 464 N.E.2d 169, 173. As applied to the facts herein, indemnity is an implied-in-law duty to reimburse rather than an implied-in-fact contract requiring a "meeting of the minds." *Firemen's Ins. Co. v. Antol* (1984), 14 Ohio App.3d 428, 14 OBR 547, 471 N.E.2d 831 (Whiteside, J., concurring). See, also, *Travelers Indemn. Co. v. Trowbridge* (1975), 41 Ohio St.2d 11, 70 O.O.2d 6, 321 N.E.2d 787.

The pleadings indicate that Spectrum was compelled to pay Kennedy $7,462.48 to remedy Alcorn's defective installation. Because payment for Kennedy's damaged floor should have been Alcorn's responsibility, it follows that Spectrum is entitled to indemnification from appellees for $7,462.48. Cincinnati Insurance, however, reimbursed Spectrum for $6,132.76 of its payment to Kennedy. Spectrum, then, has an indemnity claim against appellees for $1,329.72 ($7,462.48 − 6,132.76) to obtain payment for the portion of the settlement with Kennedy not reimbursed by Cincinnati Insurance. Since Cincinnati Insurance reimbursed

Spectrum for $6,132.76, once Spectrum paid Kennedy, subrogation principles also apply.

*United States Fid. & Guar. Co. v. Truck & Concrete Equip. Co.* (1970), 21 Ohio St.2d 244, 50 O.O.2d 480, 257 N.E.2d 380, relied upon by the majority, is inapplicable. In that case, the insured's cause of action was an action in tort for damage to personal property. Here, once Cincinnati Insurance paid Spectrum, it stepped into the shoes of Spectrum, its insured, and obtained the indemnity claim against appellees for $6,132.76 which Spectrum could have pursued had it not been reimbursed for that amount. Accordingly, Cincinnati Insurance's subrogation claim arose from Spectrum's action on an implied contract of indemnification, not from a negligence action. The facts of the present case clearly demonstrate that appellants are pursuing indemnity, not negligence, claims against appellees. The language of the complaint also supports this finding, as it demands judgment for $7,462.148, the total paid to Kennedy, not damages resulting from negligence.

Now that I have identified the true subject of appellants' cause of action, I must also disagree with the majority's application of the four-year statute of limitations contained in R.C. 2305.09(D) and its determination of the appropriate accrual date. An action arising under an implied contract of indemnification is governed by the six-year statute of limitations for contracts not in writing established by R.C. 2305.07. *Ohio Cas. Ins. Co. v. Ford Motor Co.* (C.A.6, 1974), 502 F.2d 138 (applying Ohio law). See, also, Annotation, What Statute of Limitations Covers Action for Indemnity (1974), 57 A.L.R.3d 833. The statute of limitations does not begin to run on an indemnity claim until the party seeking indemnification suffers an actual loss. *Antol, supra; Ross v. Spiegel, Inc.* (1977), 53 Ohio App.2d 297, 7 O.O.3d 385, 373 N.E.2d 1288. Spectrum paid Kennedy on or after November 26, 1990. Cincinnati Insurance paid Spectrum on or after November 26, 1990. Thus, appellants' indemnity claims did not accrue until on or after that date.

The majority feels this approach would allow Alcorn's liability to continue indefinitely. R.C. 2305.131, though, answers the majority's public policy concern. That statute applies to common-law indemnity actions for damages sustained as a result of injury to real property brought against "any person performing services for or furnishing the design, planning, supervision of construction, or construction of [an] improvement to real property." It bars accrued claims and the accrual of any additional claims if such claims are not brought within ten years of when the activity in connection with the improvement took place. See *Richards v. Gold Circle Stores* (1986), 28 Ohio App.3d 39, 28 OBR 49, 501 N.E.2d 670; *Elliott v. Fosdick & Hilmer, Inc.* (1983), 9 Ohio App.3d 309, 9 OBR 575, 460 N.E.2d 257.

I feel that the foregoing analysis is the proper application of Ohio law to the facts of the present case. Accordingly, although I agree that appellants filed their complaint timely, I cannot join in the majority opinion.