GARDENS OF BAY LANDING CONDOMINIUMS, Appellant,

v.

FLAIR BUILDERS, INC. et al., Appellees.

[Cite as *Gardens of Bay Landing Condominiums v. Flair Builders, Inc.* (1994), 96 Ohio App.3d 353.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65875.

Decided Aug. 8, 1994.

---

*J. Norman Stark Co., L.P.A.,* and *Norman J. Stark,* for appellant.

*Reminger & Reminger Co., L.P.A., George S. Coakley* and *Frank Aveni,* for appellee Flair Builders, Inc.

*Gallagher, Sharp, Fulton & Norman* and *William A. Meadows,* for appellees William Dorsky and William Dorsky & Assoc.

*Powers & Associates* and *Donald H. Powers,* for appellees Carl S. Andreano and Andreano & Assoc.

SPELLACY, Judge.

Plaintiff-appellant Gardens of Bay Landing Condominiums appeals the grant of summary judgment in favor of defendants-appellees Flair Builders, Inc., William Dorsky & Associates, and Andreano & Associates in a negligent construction action. Default judgment was entered against two other defendants.

Appellant assigns the following errors for review:

"I. The Trial lower [sic] court's grant of summary judgment in favor of the appellees was improper because genuine issues of material fact exist, warranting reversal.

"II. There is/are genuine issue(s) of material fact as to when appellant's causes of action in tort against all appellees arose under Sec. 2305.09(D) R.C.

"III. There is a genuine issue of material fact as to when appellant's cause of action for fraud against Flair Builders, Inc. arose under Sec. 2305.09(C) R.C.

"IV. There is a genuine issue of material fact as to when appellant's causes of action against appellees, for damage to property, arose under Sec. 2305.131 R.C.

"V. There are genuine issues of material fact as to what damages appellants are entitled to recover from appellees, based on their conduct.

"VI. The condominium association is the proper party to bring an action for damages to the common areas on behalf of the unit owners."

The judgment of the trial court is affirmed in part and reversed in part.

## I

Appellant is an eighty-unit condominium complex composed of five buildings located in Westlake, Ohio. Flair Builders was the builder, developer, and vendor of the development. Dorsky was the architectural firm and Andreano performed engineering services.

Construction of the buildings known as H, I, L, M, and N, began in 1980. The Declaration of Condominium Ownership, Bylaws of the Association and maps for buildings H and I were filed on December 31, 1980. The filings for the remaining buildings took place on June 3, 1981. The city of Westlake issued certificates of occupancy for all the buildings on August 22, 1982.

On October 22, 1985, the unit owners gained control of the Association's Board of Managers. A few days before, on October 16, damaged concrete caused by a cracked cementitious floor underlayment was discovered in one unit and replaced. On August 20 and October 15, 1986, identical damage to concrete floors required repair in two other units. All of this underlayment failure occurred on the second floor of three of the buildings. More damage was discovered in 1989 and 1990.

In August 1990, appellant hired an engineering firm to inspect the buildings and was informed that most, if not all, of the floors would need to be replaced. A second engineer found structural deficiencies in the framing, flooring, and foundation.

On May 9, 1991, appellant filed suit against Flair Builders alleging negligent construction and breach of fiduciary duty. It later added the other defendants. Appellant amended its second complaint to allege that defendant Andreano had negligently prepared plans, specifications, and negligently designed a lake improvement project.

After entering default judgment against two of the defendants who failed to answer, the trial court granted the summary judgment motions of the remaining defendants. Appellant appeals from those rulings.

## II

In its first assignment of error, appellant contends the trial court erred by granting summary judgment as questions of material fact exist regarding when the causes of action arose, whether those causes of action are barred by the statute of limitations, and what damages may be recovered. Appellant presents no further discussion on this issue. This argument is so general it defies any resolution upon appeal. Appellant has not pointed to any specific error or supported its argument with any authority or citations to the record. See App.R. 12(A)(2) and 16(A)(7).

Appellant's first assignment of error is overruled.

## III

In its second assignment of error, appellant contends that there are genuine issues of material fact which exist such that it was error for the trial court to resolve the case by summary judgment. Appellant argues the issue of when its causes of action in tort arose under R.C. 2305.09(D) is disputed, requiring a determination by the factfinder at trial. Appellant maintains its cause of action could have accrued in 1985 when the first cracked cement floor was exposed and replaced or when it hired engineers in 1990 and was told the construction was defective. Appellant argues this is a material fact which is not yet determined, requiring reversal.

Civ.R. 56(C) provides that summary judgment is proper if the trial court determines that:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing

such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

■    Summary judgment is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615. Summary judgment is not appropriate where the facts are subject to reasonable dispute when viewed in a light favorable to the nonmoving party. *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 104, 19 OBR 261, 264, 483 N.E.2d 150, 154.

■    An action for the failure of a builder to perform in a workmanlike manner is a tort sounding in negligence and is governed by the four-year statute of limitations found in R.C. 2305.09. *Benson v. Dorger* (1972), 33 Ohio App.2d 110, 115, 62 O.O.2d 176, 179, 292 N.E.2d 919, 922. Unless damage is immediate, the cause of action does not accrue until actual injury occurs or damage ensues. *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 23 O.O.3d 346, 433 N.E.2d 147, paragraph two of the syllabus. The judiciary will determine when a cause of action arose for purposes of statutes of limitations unless the triggering event is defined by the legislature. *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St.3d 84, 4 OBR 335, 447 N.E.2d 727, paragraph one of the syllabus.

In *Cincinnati Ins. Co. v. Alcorn* (1993), 91 Ohio App.3d 165, 631 N.E.2d 1125, a homeowner's marble tile floor was installed in December 1984, and began cracking soon after. The subcontractor, Alcorn, attempted to remedy the problem in early 1985 but the tiles continued to crack. The tiles were removed in 1990 and it was discovered the underlayment had been improperly installed. The court found no actual damage occurred until the tiles were removed and the defective underlayment discovered.

In *Beavercreek Local Schools v. Basic, Inc.* (1991), 71 Ohio App.3d 669, 595 N.E.2d 360, the court held the schools were aware of its asbestos problem and knew or should have known of its injury when it encapsulated the asbestos by applying paint. The statute of limitations began to run at that point.

In *Aglinsky v. Cleveland Builders Supply Co.* (1990), 68 Ohio App.3d 810, 589 N.E.2d 1365, this court held summary judgment to be inappropriate where a homeowner first noticed fragments of brick on the ground in 1982 but did not learn the bricks were defectively manufactured until 1985. The complaint was filed in 1987. The trial court considered the plaintiffs' affidavits to be blatantly false and struck the affidavits even though credibility is not a proper issue for

summary judgment consideration. This court found the issue of when the cause of action arose to be disputed and reversed the grant of summary judgment.

██ In the instant case, damaged cement first was discovered in 1985. Two similar instances of underlayment failure occurred in 1986. All failures were identical and involved second floor units of three separate buildings. In 1990, when further problems with the underlayment in yet more units were found, appellant hired an engineering firm to inspect and investigate. Appellant was informed most, if not all, of the floors would need replacing. A second engineer found structural deficiencies in the framing, flooring, and foundation. Appellant's complaint was filed on May 9, 1991.

As in *Alcorn, supra,* appellant discovered and replaced the defective underlayment in 1985. The same problem was experienced in two other buildings the following year. At that point, appellant should have known there was a widespread problem with the underlayment. Appellant did not retain the engineers for nearly four years after the third instance of failure.

Appellant knew it had been damaged after the third instance occurred on October 15, 1986. The four-year statute of limitations began to run at that point. Appellant did not file suit until May 9, 1991 and, therefore, suit was barred by the statute of limitations.

██ In 1988, appellant hired Andreano for its lake improvements project. Appellant asserts Andreano and Andreano & Associates negligently prepared plans and specifications, and negligently designed the improvements to the lakes. The only evidence of damages in the record is that the draining of the lakes to effectuate dredging accelerated and increased foundation settlement and related superstructural problems. It is clear from the record that appellant decided to dredge the lakes before engaging the services of Andreano. It was that decision which may have caused any damages to appellant. Therefore, Andreano was not negligent and summary judgment was appropriate.

Appellant's second assignment of error lacks merit.

## IV

██ In its third assignment of error, appellant contends summary judgment in favor of Flair Builders was improper as the issue of when appellant's cause of action for fraud arose is in dispute. R.C. 2305.09(C) provides that any relief on the ground of fraud must be brought within four years. The cause of action accrues when the fraud is discovered. R.C. 2305.09(D). It already has been determined that appellant had notice of any negligent construction in 1986. At that point, appellant's cause of action for fraud also accrued as any fraudulent

representations by Flair Builders regarding the structural soundness of the condominiums would be discovered at the time the damage was revealed.

Appellant's cause of action for fraud is barred by the statute of limitations.

Appellant's third assignment of error is meritless.

## V

In its fourth assignment of error, appellant contends there is an issue of material fact as to when its causes of action arose pursuant to R.C. 2305.131, which applies to tort actions against builders, architects, and others providing services related to improvements to real property.

R.C. 2305.131 provides:

"No action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of said injury, shall be brought against any person performing services for or furnishing the design, planning, supervision of construction, or construction of such improvement to real property, more than ten years after the performance or furnishing of such services and construction. This limitation does not apply to actions against any person in actual possession and control as owner, tenant, or otherwise of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought."

This is a statute of repose which, unlike a statute of limitations, may bar a plaintiff's suit before the cause of action arises.[1] It begins to run upon the completion of the performance of the construction-related services. *Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St.3d 193, 551 N.E.2d 938. It nullifies the right to sue after the ten-year period. *Elizabeth Gamble Deaconess Home Assn. v. Turner Constr. Co.* (1984), 14 Ohio App.3d 281, 283, 14 OBR 337, 339, 470 N.E.2d 950, 954. R.C. 2305.131 applies only to actions sounding in tort. *Kocisko v. Charles Shutrump & Sons Co.* (1986), 21 Ohio St.3d 98, 21 OBR 392, 488 N.E.2d 171, syllabus.

Appellants argue the statute should not begin to run until the certificate of occupancy is issued. Appellant maintains that only then are the services and construction complete. The certificates of occupancy were issued for the five buildings on August 25, 1982.

---

1. Reporter's Note: R.C. 2305.131 was held unconstitutional after the decision in this case. *Brennaman v. R.M.I. Co.* (1994), 70 Ohio St.3d 460, 639 N.E.2d 425.

In *King James S. Danford Square Condominium Unit Owner's Assn. v. Pacer Constr. Corp.* (Dec. 9, 1993), Cuyahoga County No. 64213, unreported, 1993 WL 515623, this court held the completion of a water distribution system triggered the statute of repose and not the later date when the units were ready for occupancy or when the units transferred. Similarly, in the instant case, the statute was triggered upon the completion of construction-related services. R.C. 5311.06 requires a declaration of condominium property be filed and recorded in the county recorder's office. No interest in a unit can be conveyed until the declaration, bylaws, and drawings are filed. R.C. 5311.06(C). It is then that construction-related services are complete. Those filings took place for buildings H and I ten years before appellant's complaint was filed. Any action against Flair Builders regarding those two buildings was barred by the statute of repose.

However, the declarations for buildings L, M, and N were not filed until June 3, 1981. Therefore, appellant's complaint was not barred by R.C. 2305.131. That portion of the complaint relating to those buildings still survives. Summary judgment was not appropriate on this issue.

■ . As in *King James, supra*, Andreano and Dorsky completed their services before appellant filed its complaint against them. There is no indication either was aware of the lawsuit prior to the expiration of the statute of limitations. The amended complaint does not relate back to the original filing. Civ.R. 15(C). *Kosa v. Pruchinsky* (1992), 82 Ohio App.3d 649, 612 N.E.2d 1291. Any claims against Andreano and Dorsky are barred by the statute of repose.

Appellant's fourth assignment of error is sustained in part and overruled in part.

## VI

■ Appellant's fifth and sixth assignments or error will be addressed together. Appellant contends there is a genuine issue of material fact as to what damages it is entitled. The majority of appellant's causes of action are barred by the statutes of limitation and repose. Appellant failed to prove its negligence claim against Andreano. The only claim left is that against Flair Builders for damage to Buildings L, M, and N.

Appellant acknowledges there was no express contractual relationship between it and Flair Builders but it argues it was foreseeable the unit owners would be injured by Flair's negligence. Appellant argues there was a nexus between it and Flair as Flair controlled the association prior to October 22, 1985, before the unit owners assumed the responsibility. Appellant argues privity is not necessary as the nexus between the parties serves as a substitute.

Flair relies on *Floor Craft v. Parma Gen. Hosp.* (1990), 54 Ohio St.3d 1, 560 N.E.2d 206, in arguing that, without contractual privity, purely economic damages are not recoverable in tort against design professionals. *Floor Craft* involved a flooring installation contractor that installed the floor for Parma Hospital during a renovation project. *Floor Craft* experienced problems with bubbles appearing in the flooring which it attributed to problems with the cement, which it alleged was due to the architect's negligence. The Supreme Court of Ohio held that, where economic damages are alleged, there is no cause of action against design professionals in the absence of privity.

The facts of *Floor Craft* and the instant case are distinguishable and *Floor Craft* is not controlling. Flair was the builder and developer, not just a design professional. In *McMillan v. Brune–Harpenau–Torbeck Builders, Inc.* (1983), 8 Ohio St.3d 3, 8 OBR 73, 455 N.E.2d 1276, the court held privity of contract not to be a necessary element of an action in negligence brought by a vendee of real property against the builder-vendor. Subsequent vendees are required to prove the traditional negligence elements. The court likened the extension of the duty of care to the area of products liability and stated privity was no more a requirement for real property than for consumer protection. Each could have latent defects requiring the imposition of a negligence standard of liability.

This court has declined extending *McMillan* to a negligence action brought by a subsequent owner against a subcontractor. *Lin v. Gatehouse Constr. Co.* (1992), 84 Ohio App.3d 96, 616 N.E.2d 519. The court in *Blake v. John Doe 1* (1993), 89 Ohio App.3d 130, 623 N.E.2d 1229, found privity to be necessary for a suit against prior owners. That court, in discussing *McMillan* stated:

"Treating a homebuilder as the manufacturer of a defective product is supported by many of the public policy considerations that led to evolution of products liability law. The builder has greater knowledge of the product, is in a better position to discover defects that will become latent when concealed by further construction, and, most importantly, can prevent or reduce the incidence of defects through careful construction." *Id.* at 134, 623 N.E.2d at 1232.

This is exactly the situation present in the instant case. It was Flair who was responsible for carefully constructing the condominiums to prevent the sort of latent defects that became apparent when the floors and foundations began crumbling and cracking beneath the residents. Privity is not required between Flair and the subsequent owners.

The only question remaining is whether appellant qualifies as a subsequent owner so that it is the proper party to bring suit against Flair. R.C. 5311.20 allows a unit owners' association to sue or be sued as a separate legal entity in any action relating to the common areas and facilities. An owners'

association is the proper party to bring an action for damages to common areas sustained by any or all unit owners. *Stony Ridge Assn. v. Auerbach* (1979), 64 Ohio App.2d 40, 18 O.O.3d 26, 410 N.E.2d 782, paragraph two of the syllabus. The common areas and facilities of a condominium property are owned by the unit owners as tenants in common. R.C. 5311.04(A). The property is administered by the unit owners' association. R.C. 5311.08. The unit owners' association is composed of the owners of the real property and is responsible for administering the common areas. It was the proper party to bring suit against the builder.

Appellant's fifth and sixth assignments of error have merit

The judgment is affirmed in part and reversed in part, and the cause is remanded.

*Judgment accordingly.*

NAHRA, C.J., and NUGENT, J., concur.