DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Lawrence J. Saltis has appealed from the Summit County Common Pleas Court's entry of summary judgment in favor of Appellees Lakes Heating Air Conditioning and Summit Concrete Construction, Inc. This Court affirms.
 I.
This case involves the construction and sale of a residence located at 5091 Tulip Avenue, Akron, Ohio. Joanne and Kenneth Webb, doing business as WDS Construction, constructed the home and owned the property. During the construction phase, Appellee Summit Concrete Construction, Inc. completed the necessary concrete work. Appellee Lakes Heating Air Conditioning, on the other hand, was responsible for all the heating, ventilation and air conditioning specifications for the home.
During November 1991, Appellant Lawrence J. Saltis bought and took possession of the residence from the Webbs. As a part of the purchase agreement, the Webbs granted a two-year warranty to Appellant. The next summer, no later than early August, Appellant discovered problems with his plumbing and heating systems along with cracked concrete in his driveway and sidewalks.
On November 3, 1994, Appellant filed a complaint in the Summit County Common Pleas Court, naming the Webbs and a number of other parties as defendants. The complaint alleged, in relevant part, that the Webbs (1) had breached the purchase agreement by failing to honor the two-year warranty, (2) breached the implied warranty of workmanlike construction, and (3) negligently constructed the home. On February 9, 1995, the Webbs filed a third-party complaint, naming Appellees Lakes Heating Air Conditioning and Summit Concrete Construction, Inc. The Webbs sought indemnity and contribution and also alleged that Appellees had breached an oral contract. However, on August 8, 1996, Appellant voluntarily dismissed his suit against the Webbs. The next day, the Webbs dismissed their third-party suit against Appellees.
On August 1, 1997, Appellant re-filed his suit against the Webbs. The Webbs waited until April 22, 1998 and then requested leave to re-file their third-party claims instanter. The trial court never ruled on this motion. Subsequently, the trial court entered an order dismissing the Webbs with prejudice, as a settlement agreement between Appellant and the Webbs had been reached. Pursuant to that settlement, on December 15, 1998, the Webbs assigned all their rights against Appellees to Appellant.
On April 20, 1999, Appellant filed his third complaint, naming just Appellees as defendants and thereby commencing the instant action. In his complaint, Appellant asserted claims for negligence, breach of an oral contract and breach of an implied warranty, admittedly relying only on the Webbs' assignment. Discovery was re-opened, and Appellees moved for summary judgment, arguing that the applicable statutes of limitations had expired. Ultimately, the trial court granted Appellees' motion and entered summary judgment in their favor, holding that each of Appellant's claims were time-barred. Appellant timely appealed, asserting two assignments of error.
 II. First Assignment of Error The trial court erred when it granted [Appellees'] motions for summary judgment against [Appellant].
For his first assignment of error, Appellant has challenged the trial court's entry of summary judgment, claiming that it improperly barred his prosecution of the Webbs' claims for negligence, breach of an implied warranty of workmanlike construction and breach of oral contract. Appellees have responded, arguing that the trial court's action was not in error because, based on the undisputed facts, the Webbs' claims accrued and expired before Appellant filed his complaint against them on April 20, 1999. Specifically, they have claimed that the Webbs' claims for negligence and breach of implied warranty expired before Appellant filed this suit, while the claim for breach of oral contract expired even prior to the assignment. Each party has offered evidence to support their respective positions.
 A. Summary Judgment Standard of Review
In reviewing a trial court's ruling on a motion for summary judgment, an appellate court's examination is de novo. Stated another way, this Court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826,829. A party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293-294; Vahila v. Hall
(1997), 77 Ohio St.3d 421, 429. Once a party has satisfied this incipient burden, a reciprocal burden arises upon the nonmoving party to respond and set forth specific facts showing that there is a genuine issue of material fact for trial. Dresher, 75 Ohio St.3d at 293;Vahila, 77 Ohio St.3d at 429.
 B. Statute of Limitations
"To determine whether a cause of action is time-barred, this Court must ask three questions: (1) what is the nature of the claim being asserted; (2) what statute of limitations applies to the claim; and (3) when did the cause of action accrue." Spriestersbach v. Ohio Edison Co.
(Nov. 1, 1995), Lorain App. No. 95CA006026, unreported, at 3, citingBrowning v. Burt (1993), 66 Ohio St.3d 544, certiorari denied (1994),510 U.S. 1111, 127 L.Ed.2d 375. When examining the initial question, courts must look to the actual nature or subject matter of a complaint, and not the form pleaded, in order to determine the applicable statute of limitations. See Spriestersbach, supra, at 3-4, citing Ohio Cas. Ins.Co. v. Ford Motor Co. (C.A. 6, 1974), 502 F.2d 138, 139, quoting State exrel. Lien v. House (1944), 144 Ohio St. 238, paragraph one of the syllabus. See, also, Hunter v. Shenago Furnace Co. (1988),38 Ohio St.3d 235, 237. Next, based on the type of claim, a court must identify the proper statute of limitations. Finally, a court must examine the facts of the individual case to determine the date upon which the claim accrued.
In this case, Appellant has presented three claims which can be classified into just two categories: tort and contract. This Court will address each of the two categories in turn.
 1. Tort Claims
First, Appellant's complaint alleged that Appellees breached their implied warranty of workmanlike construction. Much like his negligence claim, such an allegation sounds in tort law.[1] See Gardens of BayLanding Condominiums v. Flair Builders, Inc. (1994), 96 Ohio App.3d 353,358. The Ohio Supreme Court has determined that the four-year statute of limitations found in R.C. 2305.09 governs such claims. See Velotta v.Leo Petronzio Landscaping, Inc. (1982), 69 Ohio St.2d 376, paragraph one of the syllabus. See, also, Elizabeth Gamble Deaconess Home Ass'n v. TheChrist Hosp. (1984), 14 Ohio App.3d 281, 286. Turning to the third question, the accrual date, the Velotta court continued, observing that "where the wrongful conduct complained of is not presently harmful, the cause of action does not accrue until actual damage occurs." Velotta,69 Ohio St.2d at 379. Stated another way, an "action against a developer-vendor of real property for damage to the property accrues and the four-year statute of limitations of R.C. 2305.09(D) commences to run when [the damage] is first discovered, or through the exercise of reasonable diligence it should have been discovered[.]" Harris v. Liston
(1999), 86 Ohio St.3d 203, 207. Thus, according to Appellant's own deposition testimony offered by Appellees, to wit: that Appellant found the cracks and faulty plumbing and duct work sometime during mid-1992, any negligence and breach of implied warranty claims accrued during early August 1992 at the very latest.
Applying the four-year statute of limitations to the Webbs' claims, it becomes readily apparent that these claims would have expired during August 1996 absent any action. On November 3, 1994, Appellant filed these same claims against the Webbs. The Webbs, in turn, sued Appellees as third-party defendants on February 9, 1995, within the window provided under R.C. 2305.09. Appellant's claims were dismissed on August 8, 1996, and the next day, the Webbs' claims were likewise dismissed. Nevertheless, Appellant revived and re-filed his direct claims against the Webbs on August 1, 1997, invoking the power of Ohio's Savings Statute, to wit: R.C. 2305.19. The Webbs however never re-filed, and after August 9, 1997, their negligence and breach of implied warranty claims lapsed.[2] Thereafter, the Webbs assigned these claims to Appellant. Then, by filing this matter on April 20, 1999, Appellant attempted to revive these assigned rights, i.e. the Webbs' negligence and breach of implied warranty claims against Appellees. Assuming without deciding that Appellant could demonstrate that Appellees were otherwise liable to him through assignment on these two claims, this Court concludes that Appellant was advancing expired claims. Therefore, the trial court did not err by holding that the negligence claim and the claim for breach of warranty for workmanlike construction were both time-barred.
 2. Contract Claim
Appellant has also asserted a claim for breach of oral contract. Specifically, he has alleged that Appellees breached an oral agreement with the Webbs by failing to perform in a competent, workmanlike manner, use goods of merchantable quality and provide services suitable for their intended purpose. The statute of limitations governing oral contracts is six years. Indeed, R.C. 2305.07 provides:
 [A]n action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued.
The cause of action accrues when the complaining party suffers actual damage as a result of the alleged breach. Midwest Specialists, Inc. v.Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8.
In the instant case, Appellant suffered actual damages during the summer of 1992. Because Appellant has asserted the Webbs' claim for breach of oral contract, he is bound by the six-year statute of limitations in R.C. 2305.07.[3] As a result, the claim should have been brought no later than August 1998. When the Webbs assigned their rights to this claim to Appellant on December 15, 1998, they again assigned him an expired right to bring suit. Consequently, Appellant's April 20, 1999 filing was untimely, and the trial court properly ruled that the Webbs' claim for breach of oral contract was time-barred.
 III.
Appellant's first assignment of error is overruled. As a result, his second assignment of error need not be addressed. See App.R. 12(A)(1)(c). The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
BATCHELDER, P. J., BAIRD, J., CONCUR.
[1] The Ohio Supreme Court has observed that an action to recover damages for the failure to construct in a workmanlike manner requires a finding of negligence. See Velotta v. Leo Petronzio Landscaping, Inc.
(1982), 69 Ohio St.2d 376, 378. As a result, the action arises exdelicto and is based upon a duty imposed by law, not contract. Id. at 378-379.
[2] Appellant has argued that the Webbs did in fact file a third-party complaint on April 22, 1998 and that Appellant's August 1, 1997 complaint acted to "save" Webbs' causes of action. This Court does not reach this argument because the record is devoid of any indication that the Webbs' motion for leave to file that third-party complaint was ever granted prior to the trial court's termination of that case. On appeal, such a motion is presumed to have been overruled by the trial court. See,e.g., Univ. Mednet v. Blue Cross Blue Shield of Ohio (1997),126 Ohio App.3d 219, 236.
[3] To clarify, this Court would note that the Webbs never raised this claim against Appellees.