**BIRO, Appellants,**

**v.**

**HARTMAN FUNERAL HOME, Appellee.**

[Cite as *Biro v. Hartman Funeral Home* (1995), 107 Ohio App.3d 508.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69085.

Decided Nov. 27, 1995.

*Bartley J. Troy,* for appellant.

*Quandt, Giffels & Buck* and *Hunter S. Havens,* for appellee.

*Per Curiam.*

Plaintiff-appellant Edward Biro, the son and next of kin of decedent, Joseph Biro, appeals from a trial court order dismissing his complaint against defendant-appellee Hartman Funeral Home for desecration of his father's cremated remains. Plaintiff contends that the trial court erred in dismissing the complaint because the plaintiff lacked standing to maintain the action and the claims were barred by the statute of limitations. We find merit to the appeal and reverse for the reasons hereinafter stated.

Plaintiff's father, Joseph Biro, died in December 1979. On December 23, 1993, plaintiff filed a complaint which stated as follows:

"1. Plaintiff, EDWARD BIRO, is hereby the son and next-of-kin of the deceased, Joseph Biro.

"2. Defendant, HARTMAN FUNERAL HOME, conducted decedent's funeral.

"3. Defendant, HIGHLAND CEMETERY, cremated and inurned decedent, with an agreement to hold the remains until they were claimed.

"4. Defendant, HIGHLAND CEMETERY, recklessly and without regards for decedent's family breached its agreement by attempting to rid itself of decedent's remains. In 1986 Highland asked Hartman Funeral Home to claim decedent's remains without notifying plaintiff.

"5. Defendant, HARTMAN FUNERAL HOME, recklessly and without regard refused to claim the remains and neglected to inform plaintiff or the Biro family of the cemetery's attempts to rid itself of the decedent's remains.

"6. After defendant, HARTMAN FUNERAL HOME, refused to claim the remains or inform the plaintiff, defendant Highland Cemetery recklessly interred the decedent's remains in a mass, unmarked grave without regard for decedent's or plaintiff's wishes.

"7. Plaintiff and his family discovered defendants' abuse of decedent's remains when Elizabeth Biro, decedent's wife and plaintiff's mother died and a subsequent funeral service was held on December 24, 1992.

"8. Said conduct as aforementioned constitutes a breach of defendant Hartman Funeral Home's agreement to care for the remains of Joseph Biro.

"9. Said conduct as aforementioned constitutes negligent and/or intentional misrepresentation to plaintiffs.

"10. Said conduct as aforementioned constitutes intentional infliction of emotional distress.

"11. As a result of defendants' reckless and outrageous conduct, including breach of burial agreement aforementioned, plaintiff has suffered severe emotional distress, pain, and suffering."

Plaintiff voluntarily dismissed the cemetery as a defendant on May 5, 1994. Hartman filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted on grounds that the plaintiff lacked standing to bring the action and the claims were barred by the applicable statute of limitations. On May 2, 1995, the trial court granted the motion without opinion or explanation and the instant appeal timely ensued.

 It is a well-settled rule that a complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 71 Ohio St.2d 242, 42 O.O.2d 223, 327 N.E.2d 753, syllabus. The deference to be shown the allegations of the complaint was recently set forth as follows in *Fahnbulleh v. Strahan* (1995), 73 Ohio St.3d 666, 667, 653 N.E.2d 1186, 1187:

"A complaint should not be dismissed for failure to state a claim merely because the allegations do not support the legal theory on which the plaintiff relies. Instead, a trial court must examine the complaint to determine if the allegations provide for relief on any possible theory. See *Patriarca v. Federal Bur. of Investigation* (D.R.I.1986), 639 F.Supp. 1193. A court must construe all material allegations in the complaint and all inferences that may be reasonably drawn therefrom in favor of the nonmoving party. *Phung v. Waste Mgt., Inc.* (1986), 23 Ohio St.3d 100, 23 OBR 260, 491 N.E.2d 1114. Thus, a court must presume all factual allegations in the complaint are true for purposes of the motion. *Bridges v. Natl. Eng. & Contracting Co.* (1990), 49 Ohio St.3d 108, 551 N.E.2d 163."

■ Further, as the Ohio Supreme Court in *Illinois Controls, Inc. v. Langham* (1994), 70 Ohio St.3d 512, 526, 639 N.E.2d 771, 782, recently held:

"A party is not required to plead the legal theory of recovery or the consequences which naturally flow by operation of law from the legal relationships of the parties. 'The rules make clear that a pleader is not bound by any particular theory of a claim but that the facts of the claim as developed by the proof establish the right to relief.' McCormac, Ohio Civ.Rules Practice (2 Ed.1992) 102, Section 5.01."

Against this background, we will address the two assignments of error in the order asserted.

"I. The trial court erred in dismissing the complaint of the plaintiff's [*sic*], since the plaintiff, as surviving next of kin of the decedent, has standing to bring a cause of action against defendant Hartman Funeral Home."

■ We find merit to this assignment of error. Plaintiff, as the next of kin of the decedent, had legal standing to maintain an action in tort for desecration of his father's remains. In *Carney v. Knollwood Cemetery Assn.* (1986), 33 Ohio App.3d 31, 37, 514 N.E.2d 430, 435–436, this court held that "all four appellees, as direct blood descendants of Katherine G. Mallison, had standing to press their claim for the outrageous disturbance of her remains. Accordingly, appellants' standing argument is without merit." In *Carney,* the grave of plaintiffs' mother and grandmother was disturbed by cemetery workers when digging a new grave. The remains were placed in a dump. This court affirmed the judgment for the next of kin. In addressing the specific issue of their right to maintain an action for desecration of a dead body, we quoted with approval the following:

" 'The law is clear in this state that the family of the deceased has a legally recognized right to entomb the remains of the deceased family member in their integrity and without mutilation. Thus, the next of kin have a claim against one who wrongfully mutilates or otherwise disturbs the corpse * * *. The basis for

recovery of damages is found not in a property right in a dead body, but in the personal right of the family of the deceased to bury the body. The mutilating or disturbing of the corpse is held to be an interference with this right and an actionable wrong * * *. The law is not primarily concerned with the extent of physical injury to the bodily remains but with whether there were any improper actions and whether such actions caused emotional or physical suffering to the living kin. The tort rarely involves pecuniary injury; the generally recognized basis of damages is mental suffering.'" *Carney,* 33 Ohio App.3d at 36, 514 N.E.2d at 435, quoting *Scarpaci v. Milwaukee Cty.* (1980), 96 Wis.2d 663, 672, 292 N.W.2d 816, 820–821.

The complaint herein sufficiently alleges grounds on which the plaintiff son, as next of kin, can recover for the mishandling of his father's remains. He has standing to pursue such claims. We also find, based on the allegations in the complaint, that plaintiff has standing to pursue an oral contract claim. A review of the complaint indicates that plaintiff did not state who the parties to the agreement were. However, based on the facts pled, a reasonable inference can be made that the agreement and representations to hold the father's remains were made by the funeral home to the family. Therefore, plaintiff, as a family member, has standing to pursue this claim.

Plaintiff's Assignment of Error I is sustained.

"II. The trial court erred in dismissing the plaintiff's complaint since the claims of plaintiff were not barred by the applicable statute of limitations."

The complaint asserts that the plaintiff first learned in 1992, at the time of his mother's funeral, that Joseph Biro's remains were recklessly interred "in a mass, unmarked grave," back in 1986, contrary to the family's wishes and at the direction of Hartman. Plaintiff further alleges that Hartman's conduct constituted a breach of its agreement to care for his father's remains and constituted negligent and/or intentional misrepresentation and intentional infliction of emotional distress for which plaintiff has suffered unjustly. We must accept these allegations at face value for the purpose of determining whether the statute of limitations bars plaintiff's claims.

In Ohio, the applicable statute for the infliction of emotional distress provides four years from the date on which the cause of action accrues. R.C. 2305.09(D). As stated in *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 375, 6 OBR 421, 426–427, 453 N.E.2d 666, 672:

"Our recognition of the tort of intentional infliction of serious emotional distress compels us to reject the appellees' argument that appellant's action is barred by the applicable statute of limitations.

"R.C. 2305.09 provides in part:

" 'An action for any of the following causes shall be brought within four years after the cause thereof accrued:

" ' * * *

" '(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, inclusive, 2305.14 and 1304.29 of the Revised Code. * * * '

"Since the tort of intentional infliction of serious emotional distress is not listed in any of the sections referred to in R.C. 2305.09, the applicable statute of limitations for this cause of action will be four years. Under the facts of the instant case, we find that appellant's action has been timely brought."

The Supreme Court's most recent pronouncement on the subject adheres to the *Yeager* ruling. See *Lawyer's Coop. Publishing Co. v. Muething* (1992), 65 Ohio St.3d 273, 280, 603 N.E.2d 969, 974–975.

The issue remains as to when the plaintiff's cause of action for intentional infliction of emotional distress accrued for purposes of the statute of limitations. Defendant contends that it accrued in 1986 when the ashes were scattered, albeit without the family's knowledge; plaintiff contends that it accrued when he first learned of the conduct in 1992 and became distressed.

 We hold that a cause of action for intentional infliction of emotional distress does not accrue until the tort is complete, that is, at the time the injury is incurred and the emotional impact is felt. This is consistent with the tort cases which hold that a cause of action does not arise until the plaintiff has suffered injury. *State ex rel. Teamsters Local Union 377 v. Youngstown* (1977), 50 Ohio St.2d 200, 203–204, 4 O.O.3d 387, 389–390, 364 N.E.2d 18, 20–21; *Gardens of Bay Landing Condos. v. Flair Builders, Inc.* (1994), 96 Ohio App.3d 353, 358, 645 N.E.2d 82, 85; *Carter v. Am. Aggregates Corp.* (1992), 82 Ohio App.3d 181, 185–186, 611 N.E.2d 512, 515–516; *Wisecup v. Gulf Dev.* (1989), 56 Ohio App.3d 162, 165, 565 N.E.2d 865, 869–869. It would be incongruous to allow a cause of action to accrue for emotional distress when there has not yet been any impact or injury. This is not to be confused with the "discovery rule," which we need not apply for purposes of our decision. The discovery rule concerns the situation when an injury is incurred, but not discovered until later. *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St.3d 84, 4 OBR 335, 447 N.E.2d 727, paragraph two of syllabus. In the case herein, no injury was incurred until plaintiff learned of the fate of his father's remains. It was then that he suffered the injury of emotional distress.

 The statute of limitations regarding plaintiff's allegation of fraudulent misrepresentation also had not run when the suit was filed. R.C. 2305.09(D)

expressly provides that the discovery rule applies to claims of fraud: "nor if [the action] is for fraud, until the fraud is discovered." See, also, *Investors REIT One v. Jacobs* (1989), 46 Ohio St.3d 176, 181, 546 N.E.2d 206, 210–211; *Crosby v. Beam* (1992), 83 Ohio App.3d 501, 510, 615 N.E.2d 294, 300–301. Plaintiff did not discover the misrepresentation regarding the care of his father's remains until 1992. Therefore, his action on this claim was timely.

■ An action on an oral contract, subject to a six-year statute of limitations (R.C. 2305.07), likewise does not accrue "until the omission of performance is discovered." *Kotyk v. Rebovich* (1993), 87 Ohio App.3d 116, 121, 621 N.E.2d 897, 900–901.

In summary, under the facts alleged in the complaint, the tort of intentional infliction of emotional distress did not occur until 1992 when the decedent's son learned for the first time what had happened to the father's remains. Although the father's remains were scattered in a common grave sometime in 1986, the complaint alleges that no notice was given to the family. Therefore, assuming the accuracy of the complaint, which we are obliged to do, no impact was felt until 1992 when the injury occurred. If, as alleged, a representation was made to the family that the father's cremated remains would be preserved, plaintiff has also asserted a viable claim for misrepresentation which was not discovered until 1992.

We hold that plaintiff's complaint alleges sufficient facts, if true, to avoid the bar of the statute of limitations.

Assignment of Error II is sustained.

The order dismissing the complaint is reversed and the cause is remanded to the trial court for further proceedings according to law.

*Judgment reversed*
*and cause remanded.*

JAMES D. SWEENEY, P.J., PORTER and DYKE, JJ., concur.