[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Plaintiffs-appellants Jeffrey and Alisha Miller appeal from a judgment dismissing their complaint as being untimely filed. We conclude that all but two of the Millers' causes of action were correctly dismissed upon the ground that they were barred by the statute of limitations, and not saved by the savings statute. Their untimely filing could not be saved by the fact that a new action was filed within a year of a second, redundant filing of the voluntary dismissal of the first action, because the new action was filed more than a year after the date that the voluntary dismissal of the first action was initially filed. However, the original statute of limitations had not run as to two of the plaintiffs' causes of action. Even though this was not brought to the attention of the trial court, the dismissal of a cause of action, upon statute of limitations grounds, when the statute of limitations has clearly not yet run, constitutes civil plain error. Accordingly, the judgment of the trial court is Affirmed in part and Reversed in part, and this cause is Remanded for further proceedings.
 I
In September, 1997, plaintiff-appellants, Jeffrey Miller and his wife Alisha Miller, filed a complaint against the City of Xenia, Ohio alleging false arrest, false imprisonment, malicious prosecution, § 1983 civil rights violation, infliction of emotional distress, defamation and loss of consortium.[1] The complaint related to Jeffrey Miller's arrest by the Xenia police.
After some discovery, the Millers filed a voluntary dismissal of the action pursuant to Civ.R. 41(A). According to the record, the voluntary dismissal notice contained a certificate of service dated September 14, 1998. The dismissal was transmitted via facsimile to the Greene County Clerk's Office where it was time-stamped as filed on September 14, 1998. However, the record also reveals that the original notice was also received by the clerk's office, and was time-stamped as filed on September 16, 1998.
The Millers re-filed their complaint on September 15, 1999. Thereafter, the defense filed a motion to dismiss the complaint. On November 30, 1999, the trial court dismissed the action, finding that the Millers' claims were not protected by the savings provision of R.C. 2305.19, because the complaint had not been re-filed in a timely manner. Thereafter, the Millers filed a motion for relief from judgment pursuant to Civ.R. 60. Following the denial of their request for relief, the Millers filed this appeal.
 II
The Millers' sole Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN GRANTING [THE] MOTION TO DISMISS.
The Millers contend that the trial court abused its discretion by dismissing their complaint, because it was re-filed in a timely manner. In support, they argue that the date for re-filing should have been calculated from the later date time-stamped on the original notice of dismissal because the clerk erred by: (1) time-stamping the same document on two separate dates; and (2) failing to notify them that the copy of the dismissal transmitted by facsimile had already been time-stamped as filed. The Millers contend that these errors were "beyond their control," and that they should not be penalized for what was essentially a clerical mistake. The Millers also argue that it was error to dismiss their claims for intentional infliction of emotional distress and loss of consortium, because the statutes of limitations for those claims had not yet run as of the date that the trial court dismissed their re-filed complaint.
We begin with the claim that the dismissal of the complaint was caused by an error of the clerk. The issues raised by this allegation are: (1) whether the Clerk erred by time-stamping the faxed document and failing to notify the Millers of the filing; and (2) whether the Millers were entitled to rely upon the later date stamped on the original notice.
Pursuant to Civ.R. 5(E), "local rules may provide for the filing of pleadings and other papers by electronic means." "Any signature on electronically transmitted pleadings or papers shall be considered that of the attorney or party it purports to be for all purposes." Id. Rule 19(A) of the Greene County Court of Common Pleas Local Rules of Court authorizes the Clerk of Courts to receive filings by "fax transmission."
There is no dispute that the Millers first transmitted their notice of dismissal directly to the Clerk of Courts by way of facsimile.[2] It is also undisputed that the notice was time-stamped as having been filed on September 14, 1998. A facsimile filing is expressly permitted by the Ohio Rules of Civil Procedure as well as by the Local Rules for the Common Pleas Court of Greene County. The obvious purpose of sending documents to the clerk via facsimile is to expedite the prompt filing of those documents. Although the Millers suggest that they did not want the faxed copy of the notice to be filed, we find this impossible to credit. Any office charged by law with receiving and filing documents, when there is a rule in force providing for the filing of documents by facsimile transmission, correctly presumes that any document suitable for filing that is received by facsimile transmission is intended for filing. The failure of that office to file the document promptly would run counter to the purpose for providing for facsimile filing.
It appears that when the voluntary notice of dismissal was faxed to the clerk of court's office, there was pending a motion for summary judgment by the defendants, with "hearing" date set for the next day (meaning that the motion would be ripe for decision at any time from and after that date). Had the trial court rendered summary judgment against the Millers the day after their faxed notice of dismissal was received in the clerk of court's office, which would have been the day before the original notice of dismissal was filed in the clerk's office, we doubt that the Millers would then be taking the position that their faxed notice of dismissal was not intended for filing.We cannot say that the Clerk of Courts erred by time-stamping the original document when it was subsequently forwarded. There is no evidence in the record to suggest that the Clerk was notified by the Millers' counsel that the same document had already been sent for filing. Moreover, we would not wish to impose a duty upon the Clerk to examine each case file to determine, prior to filing a document, whether parties have already presented the identical document for filing. Finally, we encourage the Clerk of Courts, in doubtful cases, to err on the side of filing documents. There are more cases in which the lack of a timely-filed document is irreparable than there are cases in which the filing of a redundant or inappropriately filed document is irreparable.
Finally, we decline to find that the Clerk erred by failing to notify the Millers that the faxed document had been filed. The Millers do not refer to, nor can we find, authority for the proposition that the Clerk of Courts is required to notify parties when documents, sent to the Clerk for filing by an accepted means of transmission, are stamped as filed. Counsel obviously knew that the document was sent via facsimile transmission to the Clerk for filing. Counsel could have requested that the Clerk return a time-stamped copy of the filed document. Counsel also could have reviewed the court file. We find no duty on the part of the Clerk to notify the Millers of the earlier filing; especially given that counsel was aware that the document had been twice delivered to the Clerk for filing and given that the Millers' counsel could readily have determined the date when the first case was dismissed by inquiring at the Clerk's office or by examining the docket.
We next turn to the claim that the trial court erred by dismissing the claims for intentional infliction of emotional distress and loss of consortium. The Millers contend that the trial court erred by dismissing these claims, because the applicable statute of limitations had not yet run when the trial court dismissed their complaint.[3] The defendants contend that the Millers waived this argument by failing to raise it at the trial court level.
We agree with the Millers that their claims for intentional infliction of emotional distress and loss of consortium should not have been dismissed, even though they failed to re-file the complaint within the time permitted by the general savings statute. R.C. 2305.19 is inapplicable to these claims because the relevant statutes of limitations had not yet run at the time of the Civ.R. 41 dismissal.Searcy v. Super Eight Motel (Mar. 2, 1994), Montgomery App. No. 14065, unreported, quoting Reese v. Ohio State Univ. Hosp. (1983),6 Ohio St.3d 162, 163.[4]
A review of the record indicates that the Millers did fail to raise this issue at the trial court level. Ohio law has "* * * long recognized, in civil as well as criminal cases, that failure to timely advise a trial court of possible error, by objection or otherwise, results in a waiver of the issue for purposes of appeal." Goldfuss v.Davidson (1997), 79 Ohio St.3d 116, 121. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Id., syllabus. We conclude that this case presents the rare exception to this long-standing rule.
We find that the trial court committed plain error by dismissing the claims for intentional infliction of emotional distress and loss of consortium. However, since the effective date of the notice of dismissal is September 14, 1998, and the complaint was not re-filed until September 15, 1999, we cannot say that the trial court abused its discretion in finding that the plaintiffs had exceeded the time allowed by the savings statute in regard to remaining claims.
Accordingly, the sole Assignment of Error is sustained with respect to the dismissal of the claims for intentional infliction of emotional distress and loss of consortium, but overruled with respect to all other claims contained in the Millers' complaint.
 III
The Millers' Assignment of Error having been sustained in part, the judgment of the trial court is Reversed insofar as it dismissed the Millers' claims for intentional infliction of emotional distress and for loss of consortium and Affirmed in all other respects, and this cause is Remanded for further proceedings in accordance with this opinion.
 _____________________ FAIN, J.
BROGAN and KERNS, JJ., concur.
(Honorable Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
[1] The complaint also named as defendants the Xenia Police Department, two Xenia police officers, the Xenia Chief of Police, the Xenia City Prosecutor and a neighbor of the plaintiffs.
[2] The Millers claim that the faxed document was sent with a "request that the clerk's office call Plaintiffs' counsel's law offices to confirm receipt" and a letter stating that "the original would follow for filing by first class mail." We find no support for this claim in the record before us.
[3] The statute of limitations for claims of intentional infliction of emotional distress and for loss of consortium is four years. R.C. 2305.09( D); Biro v. Hartman Funeral Home (1995), 107 Ohio App.3d 508, 513; Viockv. Stowe Woodward Company (1983), 13 Ohio App.3d 7, 15.
[4] The statute of limitations for these claims would not have expired until the year 2000.