[Cite as *Bremar v. Ohio Univ.*, 2020-Ohio-4912.]

| | |
|---|---|
| AARON BREMAR | Case No. 2020-00193JD |
| Plaintiff | Judge Patrick McGrath |
| v. | Magistrate Holly True Shaver |
| OHIO UNIVERSITY | DECISION |
| Defendant | |

{¶1} On April 27, 2020, plaintiff filed a document captioned "Defendant's Motion to Dismiss Plaintiff's Amended Complaint or, in the alternative, Motion for Summary Judgment." On June 3, 2020, this court issued an order, pursuant to Civ.R. 12(B), notifying the parties that it converted defendant's motion to dismiss to a motion for summary judgment, as provided in Civ.R. 56. Plaintiff filed a timely response on June 8, 2020. Defendant filed a reply on June 14, 2020. Pursuant to L.C.C.R. 4(D), the motion for summary judgment is now before the court for a non-oral hearing. For the reasons stated below, defendant's motion for summary judgment shall be granted.

**Standard of Review**

{¶2} Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C), which states, in part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation,

that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of material fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C). *Id.* at 292-293.

{¶3} If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E), which states, in part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

**Procedural History**

{¶4} On March 19, 2020, plaintiff filed an original complaint seeking relief and asserting claims for breach of contract, negligence, and intentional infliction of emotional distress. The original complaint identifies February 2, 2018 as the date on which plaintiff was dismissed from defendant's Physician Assistant Practice Program (Program). Complaint, ¶ 35-39, 53. Additionally, plaintiff identifies defendant's "arbitrary and capricious dismissal of Plaintiff from the Program" as the event when damages began to accrue. *See id.* at ¶ 62, 66-68, 72, 74, 78, 88. On April 6, 2020, defendant filed a motion to dismiss plaintiff's complaint on the basis that plaintiff's

claims were barred by the statute of limitations. On April 20, 2020, plaintiff timely filed an amended complaint. As a result, defendant's motion to dismiss plaintiff's complaint was denied as moot on April 27, 2020.

{¶5} In defendant's motion for summary judgment and its reply, defendant references facts alleged in both plaintiff's original complaint and plaintiff's amended complaint. However, it is well-settled that, "[a]n amended complaint supplants the original complaint, so the allegations in an amended complaint supersede those in the original complaint." *DSS Servs., LLC v. Eitel's Towing, LLC,* 10th Dist. Franklin No. 18AP-567, 2019-Ohio-3158, ¶ 6. Consequently, plaintiff's original complaint is no longer before the court. Accordingly, the facts alleged in plaintiff's amended complaint control for purposes of this analysis.

## Factual Background

{¶6} According to the amended complaint, plaintiff enrolled as a student to obtain a master's degree in defendant's Physician Assistant Practice Program (Program) in May of 2016. Amended Complaint, ¶ 11, 13. Plaintiff paid tuition and fees, which defendant accepted as a result of plaintiff's enrollment. *Id.* at ¶ 14. As a requirement of the Program, all enrolled students were required to participate in monthly clinical rotations and electronically log the clinical cases and duty hours completed during said clinical rotations. *Id.* at ¶ 16-17. On November 16, 2017, plaintiff informed defendant's Program staff that he would not be able to timely log some of his clinical rotation duty hours. On November 17, 2017, defendant informed plaintiff he would not be permitted to log those duty hours late. *Id.* at ¶ 21-23.

{¶7} Thereafter, on January 29, 2018, plaintiff met with Melissa Bowlby, plaintiff's assigned faculty advisor, along with various other Program faculty members, where they questioned plaintiff about the completion of his program requirements, specifically the amount of duty hours he logged for his January 2018 clinical rotation. *Id.* at ¶ 27-29. On January 31, 2018, plaintiff was subsequently informed that he failed his January

2018 clinical rotation and was required to repeat it.  *Id.* at ¶ 31.  Plaintiff acknowledges that, at the conclusion of this meeting, he signed a Disciplinary Notification stating that he failed his January 2018 rotation for "Academic Dishonesty" and "Insufficient Rotation Experience."  *Id.* at ¶ 32.

{¶8} On February 2, 2018, Bowlby, among other faculty, informed plaintiff that repeating his January 2018 clinical rotation was "no longer an option" and, instead, if plaintiff did not voluntarily withdraw from the Program, defendant's Student Progress Committee (SPC) was recommending that plaintiff be dismissed from the Program.  *Id.* at ¶ 35.  When plaintiff refused to voluntarily withdraw, Bowlby presented him with a letter notifying him of the dismissal recommendation.  *Id.* at ¶ 36.  Prior to receiving this letter, plaintiff claims he was not afforded a hearing or other meaningful opportunity to challenge or respond to the issues regarding his clinical rotation or logged duty hours. *Id.* at ¶ 29-30, 33-34.

{¶9} In its motion for summary judgment, defendant argues that plaintiff's claims are barred by the statute of limitations on the basis that his claims arose on February 2, 2018, the date upon which plaintiff received written notification regarding his dismissal from the Physician Assistant Practice Program (Program).  *See* Defendant's Exhibit A, February 2, 2018 letter.  In support of its motion for summary judgment, defendant attached a copy of the February 2, 2018 letter, a copy of defendant's disciplinary and appeals procedures, and an affidavit of Melissa Bowlby, defendant's Program Director at the College of Health Sciences and Professions.

{¶10} According to Bowlby, she signed and provided plaintiff with the February 2, 2018 letter "dismissing him from the Program" and plaintiff "signed this letter, acknowledging that he has received written notification regarding dismissal from the Ohio University PA Program."  *See* Bowlby Aff., ¶ 3.  Specifically, the letter states that, after a review of plaintiff's standing in the Program, "[t]he recommendation made by the Student Progress Committee is dismissal from the Ohio University Physician Assistant

Program effective February 2, 2018." *See* Defendant's Exhibit A, February 2, 2018 letter. The letter explains that defendant's policy allows for dismissal from the Program for "lapses in professionalism" and "lapses in academic integrity, especially involving honesty and cheating", and that "knowingly furnishing false information to faculty members are breaches of integrity and are regarded as serious offenses, which can result in dismissal, even on a *first* offense." *Id.*

{¶11} Additionally, the letter provides a history of plaintiff's standing in the Program, including that plaintiff was given "a verbal warning for professionalism" on November 11, 2017. *Id.* Then, plaintiff was placed on "professional probation" on December 6, 2017. *Id.* Subsequently, the SPC found that plaintiff "violated three of the conditions outlined in the professionalism probation during [his] January 2018 rotation." *Id.* The letter concludes with a signature above plaintiff's name indicating that plaintiff "knowledge[d] that [he] received written notification regarding dismissal from the Ohio University PA Program." *Id.* Plaintiff has represented to the court that this signature is his. *See* Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint or, in the alternative, Motion for Summary Judgment, p. 4.

{¶12} According to defendant's disciplinary penalty procedure, the types of disciplinary measures that may be appealed include grade penalties, formal letters of reprimand, program of progressive improvement, and suspension or dismissal from a program. *See* Defendant's Exhibit B, College of Health Sciences and Professions Grade and Disciplinary Appeals: College Policy and Procedure, p. 18. During the appeal process, "a program *may* forbid a student from attending program courses or engaging in other program-sponsored learning opportunities and events." *Id.* at p. 5. However, a student "will not be suspended or dismissed *from the University* while the appeal is in process." *Id.* At the conclusion of the appeal process, the Dean has the ability to "affirm, reverse or modify the disciplinary decision." *Id.* at p. 22. According to

plaintiff, he timely appealed the SPC's decision regarding dismissal according to the required process on March 2, 2018.  Amended Complaint, ¶ 38-39.  Ultimately, plaintiff was notified that his appeal was denied on May 16, 2018.  *Id.* at ¶ 40.

{¶13} In his response, plaintiff argues that the letter provided to him on February 2, 2018 was merely a recommendation that he be dismissed from the program, which plaintiff timely appealed.  Amended Complaint, ¶ 35, 38.  Plaintiff asserts that he was not effectively dismissed from the Program until May 16, 2018, when his appeal proceedings concluded and Randy Leite, the Dean of the College of Health Sciences and Professions, accepted the SPC's recommendation and dismissed him from the University.  *See id.* at ¶ 40; *see also* Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint or, in the alternative, Motion for Summary Judgment, p. 3.  As a result, plaintiff alleges that he has suffered actual damages by not being able to obtain a physician assistant practice degree and pursue his desired "profession, calling and career as a physician assistant."  Amended Complaint, ¶ 91, 99.

### Law and Analysis

{¶14} Generally, "civil actions against the state * * * shall be commenced no later than two years after the date of the accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties."  R.C. 2743.16(A). Plaintiff brings four causes of action, all of which are subject to the two-year statute of limitations period set forth in R.C. 2743.16(A).  *See Colaianni Construction, Inc. v. Ohio School Facilities Commission*, Ct. of Cl. No. 2017-00063, 2017-Ohio-7156, ¶ 24, 40 (breach of contract and declaratory judgment); *see also Bell v. Ohio State Bd. of Trustees*, 10th Dist. Franklin No. 06AP-1174, 2007-Ohio-2790, ¶ 25 (intentional infliction of emotional distress); *see also Vellky v. Kent State Univ.*, 10th Dist. Franklin No. 85AP-171, 1985 Ohio App. LEXIS 6767, 3 (Aug. 1, 1985) (negligence).  In the absence of a

factual dispute as to when a plaintiff's cause of action accrues, the application of the statute of limitations is a question of law. *Bell, supra,* at ¶ 21.

{¶15} For a breach of contract claim, "the moment of breach is not always the moment of accrual." *Merlitti v. Univ. of Akron*, 10th Dist. Franklin No. 19AP-357, 2019-Ohio-4998, ¶ 17. Instead, the statute of limitations begins to run "when the breach occurs *or* when the complaining party suffers actual damages." *Bell* at ¶ 27 (emphasis added). When the alleged wrongful act involves a student being dismissed from a university program, the student "suffer[s] a cognizable injury by no longer being enrolled in the University's program." *See Merlitti* at ¶ 17. Moreover, to the extent plaintiff alleges multiple breaches of his student contract with defendant, each breach of contract claim would have accrued at each separate time of breach. *Bell* at ¶ 27 (when a student alleged that the University in which she had been previously enrolled committed various breaches of her student contract, the court found that plaintiff's "breach of contract claims accrued at the time of the alleged breaches," and rejected the argument that the "breach of contract claims did not accrue until she was formally discharged from [the University].").

{¶16} In his amended complaint, plaintiff alleges multiple instances where defendant breached his student contract from November 2017 until February 2018. Given that plaintiff filed his original complaint on March 19, 2020, the court finds that the alleged breaches that occurred prior to March 19, 2018 all accrued more than two-years before he first filed suit and are consequently time-barred.

{¶17} The sole remaining issue is whether plaintiff's breach of contract claim based on the assertion that defendant breached his student contract when it dismissed plaintiff from the Program is time-barred. Specifically, the parties dispute the accrual date of plaintiff's dismissal. Plaintiff alleges defendant dismissed him on May 16, 2018 when Dean Leite denied his appeal and upheld the SPC's decision regarding plaintiff's dismissal from the Program. However, defendant argues that this breach of contract

claim arose on February 2, 2018 when Bowlby informed plaintiff that the SPC decided to dismiss plaintiff from the Program. The court agrees.

{¶18} Upon review of the evidence, plaintiff had been given multiple warnings, prior to February 2, 2018, regarding his professionalism violations of the Program's policy to the extent that he was placed on probation. Hence, plaintiff was on notice that his academic standing in the Program was in jeopardy. Then, at the February 2, 2018 meeting, Bowlby provided plaintiff with a letter, which she attests informed plaintiff of his dismissal from the Program due to continuing violations of the Program's policy. Furthermore, this letter explains the various grounds for plaintiff's dismissal from the Program and that his dismissal would be "*effective* February 2, 2018." Plaintiff himself admits that he was informed at the February 2, 2018 meeting that if he did not choose to voluntarily withdraw himself from the Program, then the SPC would move forward with its decision to dismiss him. Although plaintiff argues that the February 2, 2018 letter was merely a "*recommendation* made by the Student Progress Committee", the evidence shows this letter was understood by the parties to signify and effectuate plaintiff's dismissal from the Program. Furthermore, plaintiff did not provide any Civ.R. 56 evidence to refute defendant's evidence. *See* Civ.R. 56(E). Consequently, the court finds that plaintiff was dismissed from the Program on February 2, 2018.

{¶19} Although plaintiff may have still had an ongoing contractual relationship with defendant by being an enrolled student at Ohio University, this court disagrees with plaintiff's position that his damages did not occur until his appeal of the Program dismissal was denied. Given plaintiff's alleged injury is his inability to pursue his desired profession, any damages that plaintiff suffered due to Dean Leite denying plaintiff's appeal are continuations of the damages that first arose when the SPC rendered its decision regarding plaintiff's dismissal from the Program. Thus, any failures to reverse the SPC's decision or reinstate plaintiff to the Program would, at most, speak to the extent of damages plaintiff suffered as a result of the breach on February 2, 2018. They

do not constitute separate breaches or causes of action.   Plaintiff's complaint was originally filed on March 19, 2020, more than two years after his claim accrued. Consequently, this court finds that plaintiff's cause of action is barred by the two-year statute of limitations.   Accordingly, defendant's motion for summary judgment as to plaintiff's breach of contract claims shall be granted.

{¶20} As for plaintiff's negligence and intentional infliction of emotional distress claims, the statute of limitations does not begin to run until the actual injury occurs. *Thompson v. Ohio Dept. of Transportation*, 10th Dist. Franklin No. 96API04-497, 1996 Ohio App. LEXIS 5307, 8 (Nov. 26, 1996); *see also Bell* at ¶ 22, quoting *Biro v. Hartman Funeral Home*, 107 Ohio App.3d 508, 514, 669 N.E.2d 65 (8th Dist.1995).   As discussed above, plaintiff's alleged injury accrued on or before February 2, 2018.  Given plaintiff's complaint was originally filed more than two years after his claim accrued, the court finds that plaintiff's negligence and intentional infliction of emotional distress claims are time-barred.  Accordingly, defendant's motion for summary judgment shall be granted as to plaintiff's claims for negligence and intentional infliction of emotional distress.

**Conclusion**

{¶21} A non-oral hearing was conducted in this case upon defendant's motion for summary judgment.   The court finds that plaintiff's claims accrued on or before February 2, 2018.   Plaintiff's complaint was originally filed on March 19, 2020. Consequently, plaintiff's claims for breach of contract, negligence, and intentional infliction of emotional distress are barred by the two-year statute of limitations.  For the reasons stated above, defendant's motion for summary judgment shall be granted.

PATRICK M. MCGRATH
Judge

[Cite as *Bremar v. Ohio Univ.*, 2020-Ohio-4912.]

| | |
|---|---|
| AARON BREMAR | Case No. 2020-00193JD |
| Plaintiff | Judge Patrick McGrath |
| v. | Magistrate Holly True Shaver |
| OHIO UNIVERSITY | <u>JUDGMENT ENTRY</u> |
| Defendant | |

{¶22} A non-oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. All previously scheduled events are VACATED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed September 30, 2020**
**Sent to S.C. Reporter 10/15/20**